**EXHIBIT A**

1

1    IN THE UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF CALIFORNIA
2    BEFORE THE HONORABLE DEBORAH BARNES

3    **THE UNITED STATES OF AMERICA**

4              Plaintiff,
     vs.                        Sacramento, California
5                               No. 2:21-CR-00118-JAM
                                Thursday, June 17, 2021
6    **JACOB HARDING-ABEYTA**        3:11 p.m.

7              Defendant.
     _____/
8

9                        --oOo--

10        REPORTER'S TRANSCRIPT OF PROCEEDINGS

11            RE: DETENTION HEARING

12    **(Hearing conducted via Zoom videoconference)**

13                       --oOo--

14   APPEARANCES:

15   For **THE GOVERNMENT**:       U.S. Attorney's Office
                              By:  **Adrian Thomas Kinsella**
16                            Assistant US Attorney
                              501 I Street, Suite 10-100
17                            Sacramento, CA 95814

18
     For **THE DEFENDANT**:       Office of the Federal Defender
19                            By: **Benjamin Galloway**
                              First Assistant Federal Defender
20                            801 I Street, 3rd Floor
                              Sacramento, CA 95814
21

22   Official Reporter:       Tiphanne G. Crowe
                              CSR No. 10958
23                            501 I Street
                              Sacramento, CA  95814
24                            Tcrowe.csr@gmail.com

25   *Proceedings recorded by mechanical stenography.  Transcript*
     *produced by computer-aided transcription.*

2

1      SACRAMENTO, CALIFORNIA, THURSDAY, JUNE 17, 2021, 3:11 P.M.

2                              --oOo--

3           THE CLERK:  Calling criminal case 21-MJ-94-KJN; United

4    States v. Jacob Harding-Abeyta.  Your Honor, this matter is on

5    calendar for initial appearance.

6           THE COURT:  All right.  Thank you.  And good afternoon

7    folks.  Counsel for the government please state your

8    appearance.

9           MR. KINSELLA:  Good afternoon, your Honor.  Adrian

10   Kinsella for the United States, and we consent to appear via

11   Zoom.

12          THE COURT:  Good afternoon, and, Mr. Galloway, I see

13   you are still with us.  State your appearance, please.

14          MR. GALLOWAY:  Good afternoon, again, your Honor.

15   Benjamin Galloway from the Federal Defender's office appearing

16   remotely with Mr. Harding-Abeyta.  We both consent to proceed

17   via Zoom.

18          THE COURT:  Thank you very much.  All right.  Mr.

19   Harding-Abeyta, you are charged with a violation of federal

20   criminal law, and before we get to the business at hand, I'm

21   going to go over your rights with you.

22          Sir, you are entitled to an attorney, and if you

23   cannot afford an attorney, the Court will appoint one to

24   represent you.  Mr. Galloway from the Federal Defender's office

25   has indicated that you may be seeking court appointed counsel

3

```
1    and that you do qualify.
2            Would you like the Court to appoint Mr. Galloway and
3    the Federal Defender's office to represent you, sir?
4            THE DEFENDANT:  In the meantime, yes.
5            THE COURT REPORTER:  I'm sorry, I couldn't hear you.
6            THE COURT:  We couldn't hear what you said, Mr.
7    Harding-Abeyta.  Would you like the Court to appoint Mr.
8    Galloway and the Federal Defender's office to represent you
9    here?
10           THE DEFENDANT:  Yes.
11           THE COURT:  Thank you.  The Court will appoint Mr.
12   Galloway from the Federal Defender's office to represent Mr.
13   Harding-Abeyta.  And, sir, because you have a lawyer now, I
14   suggest you let him speak for you or consult with him before
15   you speak in open court.
16           And that's because, sir, you have the right to remain
17   silent and anything you say at this proceeding can be used
18   against you in a future proceeding.
19           All right.  Mr. Galloway, have you received a copy of
20   the complaint in this matter, and have you had a chance to go
21   over the charge with Mr. Harding-Abeyta?
22           MR. GALLOWAY:  Yes, your Honor, and we'd waive a
23   further reading.  And just for the Court and counsel's
24   information, what Mr. Harding-Abeyta was indicating is in the
25   meantime, because he intends to retain counsel, and so we'll --
```

4

1    we'll gladly represent him until that time.

2            THE COURT:  Thank you so much Mr. Galloway for that.

3    Mr. Harding-Abeyta, I'm sorry I couldn't quite hear you, and I

4    just assumed you were saying yes to my question, which you did,

5    in fact, say yes.  Thank you, Mr. Galloway.

6            Mr. Harding-Abeyta, obviously, if you can afford an

7    attorney, that is your option.  I'm going to specially appoint

8    Mr. Galloway today, and then, Mr. Galloway, if you could

9    represent Mr. Harding-Abeyta until or unless he retains

10   outside -- retains private counsel.

11           Mr. Harding-Abeyta, because of that situation, it is

12   possible -- I don't know if it happens very often -- but it's

13   possible that the Court could seek to recoup some of the funds

14   that it would -- some of the costs that -- of Mr. Galloway's

15   representation of you.  I don't know if that happens very

16   often, but it could happen.

17           All right.  So with that said, Mr. Galloway, I now

18   forget your answer to the question.  Did you have a chance to

19   review the complaint with Mr. Harding-Abeyta?

20           MR. GALLOWAY:  Yes, your Honor.

21           THE COURT:  Great.  All right.  Mr. Harding-Abeyta,

22   you are charged in a document called a criminal complaint with

23   a violation of Title 18, United States Code Section 922(g),

24   felon in possession of a firearm.

25           Should you be convicted of this offense, you would be

5

1  facing a penalty of -- a maximum of 10 years in prison.  A fine

2  of not more than $250,000.  A fine and imprisonment and a term

3  of -- a three-year term of supervised release and $100

4  mandatory special assessment on any count of conviction.

5          Because this is a complaint, sir, this may or may not

6  be the final charge or charges you are facing in federal court.

7          Also, sir, if you are in custody, you have a right to

8  a preliminary examination within 14 days of today's date, and

9  within 21 days of today's date if you are out of custody.

10         At that preliminary examination, the government would

11 be required to present evidence establishing probable cause to

12 believe that the charged offenses were committed, and that you,

13 in fact, committed them.

14         All right.  I think at this time, we need to set the

15 date for a preliminary examination and we'll turn to detention.

16         Mr. Kinsella, have you and Mr. Galloway discussed a

17 preliminary examination date?

18         MR. KINSELLA:  We did not have a chance, your Honor,

19 but we would also request July 1st if that works for Mr.

20 Galloway?

21         THE COURT:  Okay.  I'm going to --

22         MR. GALLOWAY:  It does --

23         THE COURT:  -- for the last case, it works for this

24 one.  We'll set this matter before Magistrate Judge Claire on

25 July 1st at 2:00 p.m. for a preliminary examination.

6

1          And in regards to the detention issue, the Court --

2    let me get there.  There we go.  All right.  The Court is in

3    receipt of a pretrial report.

4          Mr. Kinsella, have you received the report, and if so,

5    what is the government's position on this detention issue?

6          MR. KINSELLA:  Yes, your Honor, we have, and we agree

7    with the findings and recommonations as set forth in the

8    report for the reasons stated therein and also the reasons in

9    the complaint.

10          THE COURT:  All right, sir.

11          And, Mr. Galloway, I am inclined to follow the

12    recommendations in the pretrial services report.  My question

13    for you is -- questions -- have you received the report, and do

14    you wish to address the Court?

15          MR. GALLOWAY:  Thank you, your Honor.  I did receive

16    the report.  I discussed what I anticipated would be the

17    findings with Mr. Harding-Abeyta, and we are prepared to submit

18    it without prejudice for today.

19          THE COURT:  All right.  Thank you, Mr. Galloway.  Mr.

20    Harding-Abeyta, I am going to order you detained as a flight

21    risk and a danger to the community for the reasons stated in

22    the pretrial services report.

23          However, that decision is made without prejudice,

24    which means if your circumstances change, Mr. Galloway or your

25    privately retained counsel, can put this matter back before a

7

1    magistrate judge to review your detention status.

2         Because this is a complaint, I don't believe the *Brady*

3    admonition kicks in yet, but, Mr. Kinsella, I am going to

4    remind you, nonetheless, that the government does have ongoing

5    *Brady* obligations to provide exculpatory materials -- *Brady* and

6    its prodigy -- to provide exculpatory materials to the defense.

7    Failure to do so, the government could incur sanctions of

8    various types.

9         All right.  I think that concludes our business in

10   regards to Mr. Harding-Abeyta.

11        Mr. Kinsella, is there anything else the Court needs

12   to address?

13        MR. KINSELLA:  Nothing further.  Thank you, your

14   Honor.

15        THE COURT:  Mr. Galloway, anything further?

16        MR. GALLOWAY:  No.  Thank you, your Honor.

17        THE COURT:  Thank you all.

18        THE CLERK:  Court's in recess.

19        (The proceedings adjourned at 3:18 p.m.)

20                        --oOo--

21   I certify that the foregoing is a correct transcript from the

22   record of proceedings in the above-entitled matter.

23                        /s/ Tiphanne G. Crowe

24                        _____
                          TIPHANNE G. CROWE
25                        CSR No. 10958