PHILLIP A. TALBERT
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00118-JAM |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR BAIL REVIEW; EXHIBIT 1 |
| v. | |
| JACOB HARDING-ABEYTA, | DATE: September 17, 2021 TIME: 2:00 p.m. COURT: Hon. Allison Claire |
| Defendant. | |

The United States respectfully submits this opposition to the defendant's motion for bail review

seeking reconsideration of this Court's June 17, 2021 order to detain him pending trial.  Motion for Bail

Review, ECF No. 18; Order of Detention Pending Trial, ECF No. 7.

## I.    INTRODUCTION

The defendant committed the instant offense on October 7, 2020 while on parole for a 2014

attempted murder conviction.  The defendant was staying at a residence he had failed to report to his

parole officer. The firearm he possessed was used in two consecutive shooting incidents only a week

prior, on September 29 and 30.  His vehicle was captured on surveillance footage leaving the area of the

September 29 shooting. During the search that led to the discovery of the charged firearm on October 7,

officers also discovered approximately 40 grams of cocaine in a bathroom accessible only through

Harding-Abeyta's room.  A forensic search of the defendant's phone revealed he had been advertising

cocaine for sale.  The defendant posted bail after his state arrest for this firearm, these drugs, and for

child endangerment charges.  While on bail, Harding-Abeyta was involved in an armed confrontation where he was shot in the leg.  Witness reports and evidence indicate Harding-Abeyta was armed with an AR-15 during this confrontation.

The defendant's pattern of violence, the severity of his criminal history, and his poor performance while on probation, parole, or bail demonstrates that there is no condition or combination of conditions that could reasonably assure the safety of the community if he were to be released.

## II.    STATEMENT OF FACTS

### A.    Case background.

The indictment in this case charges the defendant with a violation of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm.  *See* Indictment, ECF No. 9.  This Court considered the issue of detention on June 16, 2021, the date of the defendant's initial appearance on the federal complaint.  The government moved for detention for the reasons set forth in the complaint and the pretrial services report.  Tr. of Det. Hr'g on Jun 17, 2021, ECF No. 18, at p. 6.  The defense submitted on the issue detention. The Court order the defendant detained on both bases.  Order of Detention Pending Trial, ECF No. 7.

September 2020 Shootings

On September 29 and 30, 2020 the Solano County Sheriff's Office responded to two shootings within the unincorporated area of Vallejo in Solano County.  Complaint, ECF 1, at p. 3.  A vehicle registered to Harding-Abeyta was observed leaving the area of the shooting on September 29.  *Id* at p. 4. Officers would later learn that the casings left at the scene of both shootings were a presumptive match for the firearm seized from Harding-Abeyta's room on October 7, 2020.  *Id* at p. 6.



1
2
3
4
5
6
7
8



FIGURE 1: IMAGES OF THE SOME OF THE DAMAGE CAUSED BY THE SHOOTINGS ON SEPTEMBER 29 AND 30, 2020.  BOTH SHOOTINGS OCCURRED NEAR THE SAME RESIDENTIAL ADDRESS.

<u>Defendant's Possession of the Firearm Linked to the Above Shootings</u>

On October 7, 2020 a Solano County Sheriff's Office deputy initiated a stop on the vehicle the defendant was driving.  *Id* at p. 4.  The defendant pulled into the driveway of 1247 Magazine St., Vallejo, CA.  When the officer approached Harding-Abeyta and advised him of the reason for the stop, Harding-Abeyta identified himself, said he was staying at the residence, and said he was on parole for "attempt" (PC 664/187, attempted murder).  *Id.*

A parole search of the house pursuant resulted in the discovery of indicia belonging to Harding-Abeyta and his girlfriend S.M. (one of the defendant's proposed third-party custodians), as well as another parolee living in the house.  *Id*. at pp. 4-5.  Officers located a room containing additional indicia belonging to Harding-Abeyta, his girlfriend, and his one-year-old child.  The room had a bed and a small baby crib next to the bed.  *Id*.  Officers located a Springfield XDS .45 firearm with serial number XS562903 (the charged firearm), other firearms parts, and the original case for this firearm.  *Id* at p. 5.  The firearm was on the ground, under a mattress, in reach of Harding-Abeyta's one-year-old child.



FIGURE 2: LEFT: THE ROOM HARDING-ABEYTA WAS STAYING IN WITH HIS GIRLFRIEND AND DAUGHTER. RIGHT: THE LOADED FIREARM FOUND ON THE GROUND, ACCESSIBLE TO TODDLER.

In a bathroom accessible only through Harding-Abeyta's bedroom, officers also discovered approximately 40 grams of suspected cocaine inside of a bag on top of the medicine cabinet. *Id.*

 

| FIGURE 4: COCAINE LOCATED IN HARDING-ABEYTA'S BATHROOM | FIGURE 5: SPRINGFIELD FIREARM LOCATED IN HARDING-ABEYTA'S ROOM |
| --- | --- |

Harding-Abeyta was arrested on state charges for the firearm, the narcotics, and child endangerment charges. As discussed below, while out on bail for the state case, he was involved in an armed confrontation where at least one witness reported that Harding-Abeyta was also armed.

### III.     LEGAL ANALYSIS

#### A.     Standard of Review

Section § 3142(f) allows a detention hearing to be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). Given the defendant's new counsel, the fact he has since been interviewed by pretrial services, and the fact he has now offered a release plan, the United States agrees he has overcome the threshold to reopen the question of detention.

#### B.     Applicable Detention Provisions in the Bail Reform Act

The Bail Reform Act of 1984 allows the release of a defendant only after finding conditions or a combination of conditions to reasonably assure the defendant's appearance or the safety of the community. When Congress amended the Bail Reform Act in 1984, it reflected "the deep public concern . . . about the growing problem of crimes committed by persons on release" and the recognition that "there is a small but identifiable group of particularly dangerous defendants as to whom neither the

imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6 7, reprinted in 1984 U.S. Code Cong. & Ad. News, P.L. 98 473, at 3188 3189.) "Congress has determined that '[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate.'" *Chimurenga*, 760 F.2d at 403 (quoting Senate Report at 3189).

Whether to detain a defendant as a flight risk pending trial is determined by a preponderance of evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

## IV.    DISCUSSION

### The bail review factors weigh against releasing the defendant.

As to danger to the community, the defendant has presented no evidence to show that the factors this Court examines in bail review hearings weigh in his favor more than they did at the time the Court ordered him detained. As to flight risk, the defendant's previous probation violation, the fact he committed the instant offense while on parole, and the fact he was involved in an armed confrontation while on bail demonstrate a proven history of noncompliance with court orders.

Nature and circumstances of the crimes charged – 18 U.S.C. § 3142(g)(1)

The statute specifically states that "whether the offense . . .  involves a . . .  firearm" is one of the relevant circumstances under this factor.  § 3142(g)(1).  Harding-Abeyta is charged with one count of being a felon in possession of a firearm.  This firearm was used in two shootings only days prior to Harding-Abeyta's arrest for its possession.  Additionally, one of his vehicles was captured on surveillance leaving the scene of one of these shootings.  The nature and circumstances of Harding-Abeyta's possession of this firearm weigh in favor in of his continued detention.

Weight of the evidence – 18 U.S.C. § 3142(g)(2)

The firearm was in a residence Harding-Abeyta admitted to staying at and was found in a room with his indicia.  A picture of  the firearm (or another just like it) was on Harding-Abeyta's phone.  That

picture contains metadata showing the picture was taken at or near the residence Harding-Abeyta was staying at.  Although officers later received an email from someone purporting to be the mother of Harding-Abeyta's child and claiming responsibility for the firearm and the narcotics, the claims in that email are clearly disproven by the evidence.  *See*, *e.g.*, Complaint at p. 6.  The weight of the evidence is strong and weighs against release.

<u>Personal history and characteristics – 18 U.S.C. § 3142(g)(3)</u>

Harding-Abeyta's history and characteristics also weigh against release.  In 2012, he was convicted for taking a vehicle without consent, in violation of California Vehicle Code 10851.  While on probation for this offense, he repeatedly stabbed a victim with a knife, for which he was convicted for attempted murder, a felony offense (further described below).  The defendant committed the instant offense while on parole for attempted murder.  After his state arrest for the underlying offense but the United States adopted this case, the defendant was involved in an armed confrontation (also further described below).

The defendant denies any affiliation with the Family Affiliated Irish Mafia (FAIM) gang.  On the door to the room, officers photographed a green handkerchief with green clovers on it – a widely-recognized symbol used by FAIM gang members, and consistent with tattoos on Harding-Abeyta's person.  Harding-Abeyta also appears in multiple videos on YouTube with known FAIM members who brag about their gang affiliation.



FIGURE 6:  A GREEN HANDKERCHIEF WITH CLOVERS (A KNOWN FAIM SYMBOL) FOUND IN THE DEFENDANT'S ROOM, A PICTURE AND A CLOSE UP OF THE DEFENDANT'S FAIM AFFILIATED TATTOOS.

 

FIGURE 7:  TWO SCREENSHOTS OF A 2019 ONLINE VIDEO THE DEFENDANT APPEARS IN.  N.B., THE PERSON BEHIND THE DEFENDANT IS WAIVING A GREEN HANDKERCHIEF SIMILAR TO THE ONE FOUND IN THE DEFENDANT'S ROOM.[1]

The facts underlying the 2014 attempted murder conviction and the 2021 armed confrontation are especially noteworthy because of their similarity:

**2014 Attempted Murder Conviction**

 On March 21, 2013, Harding-Abeyta repeatedly stabbed another person in a Vallejo bar. According to the victim, he observed Harding-Abeyta arguing with another patron over a female. ABEYTA_00000322.  The defendant escalated the argument by throwing a bar stool and pulling out a knife.  *Id.*  The victim attempted to deescalate the situation by "kick[ing] the [defendant] out of the bar." *Id*. Instead of calming down and reconsidering his actions, the defendant returned to the bar, along with another male.  *Id*.  The defendant then repeatedly stabbed the victim.  *Id*.  The victim was not aware of how many times he had been stabbed.  Officers later observed stab wounds on the victim's left arm, stomach, right thigh, and chest.  ABEYTA_00000322.  When the police arrived, a witness identified Harding-Abeyta, who was then in the parking lot.  *Id*.  Officers arrested Harding-Abeyta, who had blood on his shoes and clothing. ABEYTA_00000321.  He was eventually convicted for attempted murder.

**2021 Armed Confrontation**

 On May 3, 2021, while on bail for state charges related to the instant case, Harding-Abeyta was involved in an armed confrontation that ended up with him getting shot in the leg.  This confrontation

---

 [1] These screenshots are taken from a YouTube video available to the public online:  *Blasé "All Star" directed by @kwelch (official music video)*, YouTube (Jul. 19, 2019), https://youtu.be/Wb0g3PosfAg.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR BAIL REVIEW

also began after an argument at a bar.  While the police reports identify Harding-Abeyta as the victim, witness statements and evidence indicate Harding-Abeyta himself was armed with an AR-15 during this confrontation.

According to one of the witnesses, a group including herself, O.D. (her husband), and Harding-Abeyta were at a bar to celebrate O.D.'s birthday.  ABEYTA_00000009.  O.D. and Harding-Abeyta began arguing, and Harding-Abeyta and insulted O.D.'s wife.  *Id*.  According to O.D., Harding-Abeyta "got into his face and stated he was going to come to [his] house and insinuated he was going to beat [O.D.] up."  *Id*.  When Harding-Abeyta later arrived at O.D.'s house, O.D. O.D. armed himself with a shotgun.  ABEYTA_00000010.  While O.D. claimed the shotgun went off by accident (shooting Harding-Abeyta in the leg), the witness who attempted to transport Harding-Abeyta to the hospital told police he observed Harding-Abeyta laying on the ground with an AR-15 on his chest.  ABEYTA_00000013.  During a search of the O.D.'s safe for the shotgun involved in the shooting, officers also observed an AR-15.  ABEYTA_00000010.  The AR-15 had dried blood on the grip and the handguard.  *Id.*  When questioned about this confrontation, Harding-Abeyta said he was intoxicated and denied remembering any substantive facts, including who he was fighting with or where he was.  ABEYTA_00000017.  He told officers "I can't tell you nothing," and that he did not want the case investigated any further.  *Id*.

<u>Danger to the community – 18 U.S.C. § 3142(g)(4)</u>

The instant offense and the defendant's past criminal activity demonstrates the danger he poses to the community.  He possessed the charged firearm while on parole for attempted murder.  The firearm is linked to two shootings.  Harding-Abeyta's vehicle was captured on surveillance leaving the scene of one of these shootings.  After his state arrest for the instant offense, he was involved in an armed confrontation that, like his prior attempted murder case, began with an argument in a bar.  The defendant's criminal history, violations while on parole and bail, and his possession of a firearm recently used in a shooting demonstrate the grave danger to the community he represents.

//

//

1

## V.      **CONCLUSION**

2          This Court should deny Harding-Abeyta's motion for pretrial release.  Even if this defendant

3    could overcome the Court's concerns regarding flight risk, there are no conditions that can reasonably

4    protect the community from the clear and proven danger he would pose if released.

5

6     Dated:  September 16, 2021                              PHILLIP A. TALBERT
                                                              Acting United States Attorney

7

8                                                     By:   /s/ ADRIAN T. KINSELLA
                                                           ADRIAN T. KINSELLA
9                                                          Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28