PHILLIP A. TALBERT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>JACOB HARDING-ABEYTA,<br><br>                    Defendant. | CASE NO. 2:21-CR-00118-JAM<br><br>PLEA AGREEMENT<br><br>DATE: JUNE 4, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

I.    **INTRODUCTION**

A.    **Scope of Agreement**      ATK 6/4/24

The superseding ~~information~~ INDICTMENT in this case charges the defendant with violations of 18 U.S.C. § 922(g)(1)- Felon in Possession of a Firearm (Count One); and 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine (Count Two).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B.    **Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

ATK 6/4/24
DBO

1  concerning the criminal activities of defendant, including activities that may not have been charged in
2  the superseding ~~information~~ INDICTMENT. The Court is under no obligation to accept any recommendations made by
3  the government, and the Court may in its discretion impose any sentence it deems appropriate up to and
4  including the statutory maximum stated in this plea agreement.

5  If the Court should impose any sentence up to the maximum established by the statute, the
6  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all
7  of the obligations under this plea agreement. The defendant understands that neither the prosecutor,
8  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will
9  receive.

## II.     DEFENDANT'S OBLIGATIONS

ATK 6/4/24
DBO

### A.     Guilty Plea

INDICTMENT

The defendant will plead guilty to both counts of the superseding ~~information~~. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.     Sentencing Recommendation

The defendant and his counsel may recommend a sentence within the applicable guideline range for his offense, as determined by the Court. The defendant agrees not to seek a variance or departure from the applicable guideline range.

//

### C. Application of § 2K2.1(b)(6)(B)

As discussed more fully in the factual basis, the firearm charged in Count One was located in the defendant's bedroom, in close proximity to the cocaine charged in Count Two. The firearm was also located in close proximity to a digital scale with cocaine residue and to a bag containing multiple plastic baggies the defendant used to distribute the cocaine. Accordingly, the defendant agrees these facts merit the application of a 4-point enhancement per United States Sentencing Guidelines § 2K2.1(b)(6)(B), because his possession of the firearm charged in Count One had the potential of facilitating the drug trafficking offense charged in Count Two.

### D. Application of U.S.S.G. § 3C1.1

As discussed more fully in the factual basis, the defendant willfully attempted to obstruct or impede the administration of justice with respect to this prosecution by attempting to suborn perjury during a then pending evidentiary hearing regarding a pending motion to suppress evidence. As such, he agrees this conduct calls for the application of a 2-point enhancement per United States Sentencing Guidelines § 3C1.1.

### E. Special Assessment

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### F. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a

violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III. THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations**

    1. Incarceration Range

The government will recommend that the defendant be sentenced to a sentence within the applicable guideline range for his offense, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

    2. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B. Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty: [handwritten: ATM DBo 6/4/24]

As to the Count One of the superseding ~~information~~ [handwritten: INDICTMENT], felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1):

    1. The defendant knowingly possessed a firearm;

    2. The firearm had been shipped or transported from one state to another, or between a

PLEA AGREEMENT                                            5

foreign nation and the United States, and;

3. At the time of possession, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

4. At the time the defendant possessed the firearm, he knew he was convicted of a crime punishable by imprisonment for a term exceeding one year.

As to Count Two of the superseding indictment, felon in possession of a firearm, in violation of 21 U.S.C. § 841(a)(1):

1. The defendant knowingly possessed any controlled substance; and
2. The defendant possessed it with the intent to distribute it to another person.

The defendant fully understands the nature and elements of the crimes charged in the superseding ~~information~~ INDICTMENT to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

[margin: ATU DB° 6/4/24]

## V. MAXIMUM SENTENCE

### A. Maximum penalty

As to Count One, the maximum sentence that the Court can impose is up to 10 years in prison, a fine of up to $250,000, a three-year period of supervised release, and a special assessment of $100.

As to Count Two, the maximum sentence that the Court can impose is up to 20 years in prison, a fine of up to $1,000,000, a three-year period of supervised release, and a special assessment of $100.

### B. Violations of Supervised Release

As to both counts, the defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The

PLEA AGREEMENT 6

defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant

understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.F (Defendant's Violation of Plea Agreement) herein.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: __May 9, 2024__            _/s/ Daniel Olmos_
                                  Daniel Olmos
                                  Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

Finally, I am satisfied with the representation of my attorney in this case.

Dated: 5/9/24

JACOB HARDING-ABEYTA,
Defendant

### C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated: 5/9/2024

PHILLIP A. TALBERT
United States Attorney

By: ADRIAN T. KINSELLA
Assistant United States Attorney

# EXHIBIT "A"
## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On October 7, 2020, officers executed a parole search of the residence Jacob Harding-Abeyta was residing at. This residence was located in Vallejo, California. Inside Harding-Abeyta's room, officers located a loaded .45 caliber Springfield Model XDS handgun with serial number XS562903. In a bathroom accessible only though Harding-Abeyta's room, officers also found a bag containing 39.37 grams of cocaine. A subsequent laboratory test confirmed the substance was in fact cocaine. Harding-Abeyta's bedroom also contained other drug paraphernalia such as a digital scale with cocaine residue and several plastic baggies used to distribute cocaine. A search of Harding-Abeyta's cellular phone revealed he was offering to sell cocaine to others. On the day before the search alone, for example, he texted over 50 different people, telling them he had cocaine for sale. The firearm charged in Count One was found in close proximity to the drugs charged in Count Two and the related drug paraphernalia. Accordingly, Harding-Abeyta's possession of this firearm emboldened and facilitated his commission of the drug trafficking felony charged in Count Two.

As part of this Plea Agreement, Harding-Abeyta admits that he knowingly possessed the firearm described above, which was manufactured outside the State of California. Harding-Abeyta also admits that, at the time he possessed this firearm, he knew he had been previously convicted of a felony, and that this offense was punishable for a term exceeding one year. Harding-Abeyta also admits he knowingly possessed the 39.37 grams of cocaine charged in Count Two with the intent to sell the cocaine to another person.

On November 15, 2022, Harding-Abeyta filed a motion to suppress the evidence seized during the parole search in this case. ECF No. 43. In the motion, he argued he was not residing at the house searched and that he was merely an overnight guest. On January 28, 2023, while the parties were still litigating this motion, Harding-Abeyta made a video jail call to Benjamin Villenas, his former roommate at the residence. During the call, Harding-Abeyta attempted to suborn perjury by telling Villenas what the defense theory of the suppression motion was, asking him to read the defense motion and the government responses ahead of the hearing so they (Villenas and Harding-Abeyta) could be "on the

same page," telling him to Google the term "overnight guest." As part of this plea agreement, Harding-Abeyta admits that in doing so, he willfully attempted to obstruct or impede the ongoing prosecution of the offense of conviction by attempting to procure another person to provide materially false information to this Court.

    I have read the factual basis contained in Exhibit A and, as far as my own conduct is concerned, adopt it as a true and correct statement of my conduct and crime.

Dated: 5/9/24

JACOB HARDING-ABEYTA,
Defendant