PHILLIP A. TALBERT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00118-JAM |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JACOB HARDING-ABEYTA, | |
| Defendant. | |

## I. INTRODUCTION

The United States recommends that the Court sentence defendant Abeyta to 71 months in prison, the applicable high-end guideline sentence in this case. While on parole for attempted murder, Harding-Abeyta illegally possessed a firearm and trafficked cocaine while living at an unapproved residence with another parolee. He kept this loaded gun under his mattress in the same room where his toddler lived, and he kept over an ounce of powder cocaine in the adjoining bathroom. Additionally, Harding-Abeyta attempted to perpetrate a fraud on this Court by instructing a witness to lie on the stand while litigating a motion to suppress. Harding-Abeyta's attempted subornation of perjury and obstruction of justice demonstrates a blatant disrespect for the Court and the judicial process. His conduct, both before and during this prosecution, warrants a sentence at the high-end of the guideline range.

## II. RELEVANT PROCEDURAL HISTORY

On October 7, 2020, a Solano County Sheriff's Deputy conducted a traffic stop on the vehicle

Harding-Abeyta was driving.  Harding-Abeyta pulled into the driveway of the residence where he was illegally residing and informed the officer he was on parole.  During the subsequent parole search, the officers found a loaded firearm and nearly forty grams of cocaine inside Harding-Abeyta's bedroom and adjoining bathroom.  Complaint, ECF No. 1, at 5.  On June 24, 2021, a grand jury returned a single count indictment charging Harding-Abeyta with a violation of 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm.  ECF No. 9.  On January 19, 2023, a grand jury returned a two-count superseding indictment charging Harding-Abeyta with violations of 18 U.S.C. § 922(g)(1), and 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine.  ECF No. 56.

On November 15, 2022, Harding-Abeyta filed a motion to suppress evidence obtained during the parole search.  ECF No. 43.  After extensive briefing and an evidentiary hearing, the Court ultimately denied this motion on April 11, 2023.  ECF No. 84.  Notably, leading up to the above-mentioned evidentiary hearing, the defendant attempted to suborn perjury of one of his witnesses.[1]  On June 4, 2024, Harding-Abeyta entered guilty pleas to both counts of the Superseding Indictment, pursuant to a plea agreement.  ECF Nos. 116, 117.

### III.    FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE

#### A.    18 U.S.C. § 3553(a)(1): The Nature and Circumstances of the Offense

Harding-Abeyta committed the charged offenses while on parole for attempted murder.  He kept the firearm under a mattress where his then one-year-old child could have easily grabbed it.  He committed these offenses while living in a residence that was not the one registered with his parole officer.  The nature and circumstances of the offense, together with the obstruction the defendant committed during the prosecution of this case, warrant a sentence at the high end of the guidelines.

---

[1] While Harding-Abeyta was in custody on January 28, 2023, he had a phone conversation with witness Villenas and elicited his help to perpetrate a fraud on the Court to substantiate his standing claim.  Harding-Abetya said "I'm gonna tell Shauna [Harding-Abeyta's wife] to text the lawyer to tell him to send her the suppression motion to send it to you so you can go over it real quick. So you have a full understanding of what is going on, know what I'm saying? . . . You need to read the motion, cause, um, you just need to read it so we on the same page.  You know what I'm saying?"  ECF No. 82-2 at pp. 12, 14.



| Picture of Harding-Abeyta's bedroom, taken during the execution of the search warrant. | The charged firearm, located under the mattress (lifted for the picture), in reach of Harding-Abeyta's child. |

### B. 18 U.S.C. § 3553(a)(1): Defendant's History and Characteristics

1. **Defendant's History**

Harding-Abeyta's criminal history dates back to 2010. PSR ¶ 33. Most notably, he was convicted for attempted murder in 2014. PSR ¶ 36. On March 21, 2013, Harding-Abeyta repeatedly stabbed another person in a Vallejo bar. United States' Opposition to Defendant's Motion for Bail Review, ECF No. 20 at 7. According to the victim, he observed Harding-Abeyta arguing with another patron over a female. The defendant escalated the argument by throwing a bar stool and pulling out a knife. *Id*. The victim attempted to deescalate the situation by "kick[ing] the [defendant] out of the bar." *Id*. Instead of calming down and reconsidering his actions, the defendant returned to the bar, along with another male. *Id*. The defendant then repeatedly stabbed the victim. *Id*. The victim was not aware of how many times he had been stabbed. Officers later observed stab wounds on the victim's left arm, stomach, right thigh, and chest. When the police arrived, a witness identified Harding-Abeyta, who was then in the parking lot. *Id*. Officers arrested Harding-Abeyta, who had blood on his shoes and clothing. He was eventually convicted for attempted murder.

On May 3, 2021, while Harding-Abeyta was on bail for state charges related to the underlying offenses, he was again involved in an altercation at a bar that ended violently. *Id*. at pp. 7-8. Harding-Abeyta went with a group of people to celebrate a birthday at a bar. *Id*. at 7. While at the bar, he argued

with one of the men he went with and implied he would go to that man's house and beat him up. *Id*. at 8. Harding-Abeyta then went to the man's house, and was shot with a shotgun. *Id*. While Harding-Abeyta later claimed not to remember the circumstances that led to him getting shot, the police reports make it clear that Harding-Abeyta was armed during the confrontation.[2] *Id*.

While in custody on January 28, 2023, Harding-Abeyta called his former roommate at 1247 Magazine St. and attempted to suborn perjury. ECF No. 82-2 at pp. 12, 14. Specifically, Harding-Abeyta told his prior roommate to read the defense counsel's current motion before the Court, and to Google the term "overnight guest" so they could be "on the same page" for when the roommate gave his testimony. Harding-Abeyta has since admitted that in doing so, he willfully attempted to obstruct or impede the ongoing prosecution of the offense of conviction by attempting to procure another person to provide materially false information to this Court. Plea Agreement, ECF No. 155 at pp. 10-11.

 2. **Defendant's Characteristics**

Harding-Abeyta has demonstrated an escalating disposition towards violence. He has at least twice started fights that could have easily ended in someone's death. His first conviction was for one of the most personal and brutal acts a person can commit: repeatedly stabbing his victim in the chest and stomach with a knife. Still worse, the victim Harding-Abeyta stabbed was only attempting to deescalate a fight between Harding-Abeyta and another person. Harding-Abeyta's most recent violent altercation occurred while he was on release for the underlying state charges. This pattern shows Harding-Abeyta's escalating pattern of violence. Finally, Harding-Abeyta's attempt to suborn perjury and obstruct justice in this case clearly demonstrates his disregard for the law.

C. **18 U.S.C. § 3553(a)(2)(A): Need For the Sentence Imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Harding-Abeyta possessed a firearm as a felon while trafficking cocaine. He endangered the community, himself, and his child. Harding-Abeyta has demonstrated a complete lack of respect for the law. This is evidenced not only by his commission of the instant offense while on parole for his

---

[2] One of the witnesses told police officers that he had observed Abeyta laying on the ground, wounded, with an AR-15 on his chest. The person who shot Abeyta (the friend he had threated in the bar) claimed it was an accident. Officers later observed an AR-15 in the friend's safe with blood on the grip and handguard. ECF No. 20 at p. 8.

attempted murder conviction and his complete disregard for following his parole conditions, but also his troubling willingness to perpetrate fraud on this Court. A high-end sentence will reflect the seriousness of this offense, promote respect for the law, and provide just punishment for the offense.

### D. 18 U.S.C. § 3553(a)(2)(B): Need For the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public From the Defendant's Further Crimes

Harding-Abeyta's escalating pattern of violence and his willingness to suborn perjury reveals that he has yet to be deterred. A high-end sentence will hopefully finally serve to deter this defendant.

## IV. CONCLUSION

For the reasons outlined above, this Court should sentence Harding-Abeyta to 71 months in jail, the applicable high-end sentence in this case. Such a sentence would be sufficient but not greater than necessary to achieve the objectives listed in 18 U.S.C. § 3553(a).

Dated:  September 3, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney